```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**AARON LEE MORGAN,**

                 **Petitioner,**

        v.                             CASE NO.  12-3217-SAC

**STATE OF KANSAS,**

                 **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2254 by an inmate of the Ellsworth Correctional Facility.  Petitioner has paid the filing fee, but has also filed a "Declaration in Support of Request to Proceed in forma pauperis," which does not include financial information required by statute.  The court denies petitioner's deficient motion to proceed in forma pauperis as moot in any event.

Local court rule requires that a § 2254 petition be submitted upon court-approved forms.  Petitioner will be sent those forms and required to comply.  The court has screened the instant petition and sets forth deficiencies therein that petitioner is required to cure in his new petition.

Mr. Morgan alleges that on December 27, 2006, he was found guilty by a jury and convicted in the Lyon County District Court, Emporia, Kansas, of aggravated robbery, criminal possession of a firearm, possession of stolen property, and aggravated assault.  He was

1

sentenced to 233 months in prison with 36 months post release supervision.

Petitioner directly appealed to the Kansas Court of Appeals (KCA), which affirmed on August 6, 2008.  His Petition for Review was denied by the Kansas Supreme Court (KSC) on January 22, 2009.

Mr. Morgan filed a Motion to Correct Illegal Sentence, but does not provide the crucial date of its filing.  It was summarily denied on January 28, 2010.  He states that he appealed the denial to the highest state court, but does not provide the ground(s) presented on this appeal or the crucial date of the highest court's decision.

Mr. Morgan filed a "Rule 183 K.S.A. 60-1507 Motion," and again does not provide the date of its filing.  This motion was denied on March 10, 2010.  He states that he appealed the denial, but again does not provide the ground(s) presented on this appeal or the date of the highest court's decision.

As grounds for his federal petition, Mr. Morgan lists 10 claims including ineffective assistance of trial, appellate, and post-conviction counsel.  He does not list the facts to support each ground under his statement of the ground or even in corresponding order.  Nor does he provide the history of exhaustion under each ground.  The sparse statements he does make regarding exhaustion suggest that he has not fully and properly exhausted all state court remedies on all the claims he seeks to raise in federal court. Petitioner is forewarned that this court is required to dismiss a

"mixed petition," which is one that contains both exhausted and unexhausted claims.

The clerk is directed to send the appropriate forms to Mr. Morgan, and he is required to submit his petition upon those forms. He must state all his claims and set forth the facts in support and the history of exhaustion of state remedies on each claim in his new petition, and may not simply refer to his original petition.  His proper use of the forms should facilitate his curing the deficiencies found in his original petition.  He is directed to fully answer all questions on the forms unless they are not applicable.  Petitioner is forewarned that his failure to comply with this order and cure the deficiencies discussed herein within the time allotted may result in dismissal of this action without prejudice and without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to submit his petition upon court-approved forms and to cure the deficiencies found in his original petition.

**IT IS FURTHER ORDERED** that petitioner's "Declaration in Support of Request to Proceed in forma pauperis" (Doc. 2) is deficient and is denied as moot because he has paid the filing fee.

The clerk is directed to transmit § 2254 forms to petitioner.
**IT IS SO ORDERED.**

Dated this 29th day of October, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge