```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**AARON LEE MORGAN,**

                **Petitioner,**

          v.                        CASE NO. 12-3217-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

## <u>O R D E R</u>

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Ellsworth Correctional Facility. The court entered an order on October 29, 2012, requiring Mr. Morgan to submit his application upon court-approved forms, cure deficiencies including his failure to show exhaustion, and provide pertinent dates. Mr. Morgan has filed his Amended Petition (Doc. 4) as ordered. Having considered the Amended Petition, the court finds from its face that this action apparently was not filed within the applicable statute of limitations. Petitioner is given time to show cause why this action should not be dismissed as time barred.

The facts relevant to the timeliness of this federal application are tentatively found to be as follows. Petitioner was convicted by a jury of aggravated robbery, criminal

1

possession of a firearm, possession of stolen property, and aggravated assault.  His convictions were affirmed on direct review by the Kansas Court of Appeals (KCA), and review was denied by the Kansas Supreme Court (KSC) on January 22, 2009. *See State v. Morgan*, No. 98,138 (Kan.App. unpublished Aug. 1, 2008), *rev. denied* 287 Kan. 768 (2009).  Morgan's allegations indicate that he first initiated state post-conviction proceedings on January 14, 2010, that he pursued three different state post-conviction remedies, and that state post-conviction proceedings were no longer pending once the Kansas Supreme Court denied review on his motion pursuant to K.S.A. 60-1507 on May 4, 2012.  Petitioner certifies at the end of his original petition that he submitted it to the facility mailroom on September 13, 2012; however it was electronically filed with the court on October 10, 2012.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other

2

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Applying the statutory provisions to the procedural history provided by petitioner, the court finds that the judgment in petitioner's state criminal case became "final" as that term is used in § 2244 on April 22, 2009. This date was calculated by adding 90 days to the date the KSC denied review on direct appeal. The ninety-day period is how long Mr. Morgan had to appeal to the Supreme Court of the United States.

The statute of limitations in this case thus began running on April 22, 2009, and ran until petitioner filed his first state post-conviction motion on January 14, 2010. As a result, 266 days of the one-year limitations period had expired at that time. The filing of petitioner's first post-conviction motion tolled the statute of limitations, causing it to stop running as long as his post-conviction motions were pending. The limitations period began running again on May 4, 2012. It ran unimpeded until it expired 99 days later on August 11, 2012. Based on the foregoing tentative facts, it appears that Mr. Morgan did not submit his petition for mailing until over a month after the time limit for filing his federal habeas corpus petition had already expired.

Mr. Morgan's allegations regarding the timeliness of his

3

petition indicate that he mistakenly believes the statute of limitations did not begin to run prior to completion of his state post-conviction proceedings. However, it is well-settled law that it begins on the date that direct appeal proceedings are completed including the time in which defendant could have filed a petition for certiorari in the United States Supreme Court.

It thus appears that unless Mr. Morgan shows that he is entitled to either additional statutory tolling or equitable tolling, this action must be dismissed as time-barred. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial

4

remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808; *Miller*, 141 F.3d at 978. Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. *See Hallcy v. Milyard*, 387 Fed. Appx. 858 (10th Cir. 2010)(professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling)(unpublished and cited for persuasive reasoning only); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *Scott v. Johnson*, 227 F.3d 260, 263 FN3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Moreover, ignorance of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh*, 223 F.3d at 1220; *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808; *see Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)(stating that a petitioner's "assertions he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar).

Mr. Morgan is given the opportunity to show why this

5

petition for writ of habeas corpus should not be dismissed as time barred by alleging facts establishing his entitlement to additional statutory or equitable tolling.  If he does not present sufficient facts within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Dated this 5th day of December, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge