IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AARON LEE MORGAN,**

        **Petitioner,**

        **v.**                                     **CASE NO. 12-3217-SAC**

**STATE OF KANSAS, et al.,**

        **Respondents.**

### O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Ellsworth Correctional Facility. On December 5, 2012, the court entered an order requiring Mr. Morgan to show cause why this petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Mr. Morgan filed a Response and a Motion for Extension of Time. Having considered these filings and the court's prior order, the court finds that good cause is not shown and the action must be dismissed as time-barred.

In its order to show cause, the court tentatively found that the judgment in petitioner's state criminal case became "final" on April 22, 2009, so that the statute of limitations in this case began to run on that date, and that it continued to run until petitioner filed his first state post-conviction

1

motion on January 14, 2010.  The court calculated that 266 days of the one-year limitations period expired during this time period.  The limitations period was then tolled all the while petitioner's state post-conviction motions were pending, but began running again on May 4, 2012.  It then ran unimpeded until it expired 99 days later on August 11, 2012.  This federal petition was electronically filed on October 10, 2012.  However, at the end of the original petition Mr. Morgan certified that it was delivered to the prison mail room on September 13, 2012.[1]  Even if this court considers the petition as submitted on September 13, 2012, this was over a month after the statute of limitations expired.

Mr. Morgan was given the opportunity to show cause why his petition should not be dismissed as time-barred by alleging facts establishing his entitlement to additional statutory or equitable tolling.  In response to the court's Order, he filed a "Motion to show/cause to not time bar writ of habeas corpus . . . and Extension to gain Facts from other Facility."[2]  In his response, Mr. Morgan presents four reasons why his application should not be considered time-barred.  First, he alleges that he "missed out on a good 25 to 30 days" because the prison law

---

[1]  **The filing fee was submitted with the petition.**

[2]  **The clerk reproduced this document and docketed it first as petitioner's response (Doc. 8) and next as petitioner's motion for extension of time (Doc. 7).**

2

library was shut down for a week during a construction project in July and was available for limited times due to the holidays. Second, he alleges that in August and September he was on lock down due to flooding of cells by inmates. Third, he alleges that he is indigent, did not have money in his account to pay for this action, and his filing fee was taken from his savings, which he did not realize would be such a "long drawn out process." Fourth, he alleges that 2012 was a leap year.[3] Plaintiff claims that he diligently pursued his claim by going to the law library on a daily basis and staying "pretty much up to date" on his case except for the above circumstances, which he contends were extraordinary and totaled at least 70 days that were "uncontrollable."

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the

---

[3] This fact has no relevance, since the limitations period was tolled during February 2012.

3

habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000).

Petitioner's allegations of limited access to the prison law library are clearly not sufficient to show his entitlement to equitable tolling. This is particularly true since he also alleges that he went to the law library "on a daily schedule basis" except for the times when access was limited. Moreover, he does not explain why he needed additional library access before he could file this federal habeas corpus petition. The claims in a federal habeas petition must have already been fully presented in the state courts, and Mr. Morgan not only directly appealed but litigated multiple collateral petitions. As a consequence, he should have known the facts and legal grounds to challenge his state convictions. Moreover, a state prisoner proceeding pro se on a federal habeas corpus petition need only briefly state his claims and allege facts in support. He is not required to provide a legal memorandum. The court concludes that the fact that petitioner's access to the prison law library was limited during the alleged times does not amount to extraordinary circumstances. Nor does it establish that he diligently pursued his rights during the entire 12 months that the limitations period ran without interruption.

Although the court regrets that petitioner waited for his

$5.00 filing fee to be authorized from savings, this circumstance is also insufficient to show his entitlement to equitable tolling. Petitioner does not explain why he neglected to simply submit his petition and his motion to proceed in forma pauperis in a timely manner and then await the court's ruling on his motion. Nor does he indicate why he did not begin the process of satisfying the filing fee and submitting his federal application sooner. Even if these failures to be diligent resulted from petitioner's ignorance of the law or unfamiliarity with the legal process, they do not amount to circumstances beyond his control that prevented him from timely filing. In sum, petitioner has not demonstrated that the failure to timely file this federal petition was caused by extraordinary circumstances beyond his control.

The court has considered petitioner's Motion for Extension of Time (Doc. 7). In this motion, he seeks an extension of time for the purpose of verifying the circumstances that he has alleged in his response that he characterizes as extraordinary. The court has found that, even taken as true, the alleged circumstances are not sufficient to entitle petitioner to equitable tolling. Accordingly, there is no legal or factual basis to grant the requested extension.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Extension of Time (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge